UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

RYAN LEE RAYFIELD,                    )
                                      )
            Plaintiff,                )
                                      )
v.                                    )          No. 1:23-CV-00080-JRG-CHS
                                      )
SGT. YOUNG, OFFICER FINK, and         )
OFFICER JOHNSON,                      )
                                      )
            Defendants.               )

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, a prisoner housed at the Bradley County Justice Center, has filed a pro se civil rights action under 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, the Court will grant Plaintiff's motion, dismiss Defendant Officer Johnson, and permit Plaintiff's claim of excessive force to proceed against the remaining Defendants.

## I.      MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion [Doc. 2] that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk also will be **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. ANALYSIS

### A. Plaintiff's Allegations

Between 8:30 and 9:00 a.m. on February 10, 2023, Plaintiff asked Defendant Officer Johnson, the officer over C-pod at the Bradley County Justice Center, to ask a "higher up" to come speak to Plaintiff before the inmates locked down [Doc. 1 at 3-4]. Plaintiff explained that he was not refusing to lock down and did not intend to cause problems but only wished to speak to someone higher in rank [*Id.* at 4]. Officer Johnson reported to Plaintiff that he had called and "the[y']r[e] not to[o] happy" [*Id.*].

As preparations were being made for the pod to lockdown, Defendants Sergeant Young and Officer Fink rushed through the door and shouted for Plaintiff to put his hands behind his back [*Id.*]. Plaintiff, who was standing by the stairs, complied with the command [*Id.*] Sergeant Young and Officer Fink then fired all their taser cartridges into Plaintiff [*Id.*]. Officer Fink handcuffed Plaintiff, shoved him forward, swept Plaintiff's feet out from under him, and slammed him face first onto the concrete [*Id.*]. The use of force ripped Plaintiff's top lip open, shattered two of his front teeth, and fractured his jaw [*Id.*].

Thereafter, Sergeant Young and Officer Fink covered Plaintiff's face with a towel and transported him to medical where Plaintiff received stitches and Ibuprofen [*Id.*]. Plaintiff was placed in lockdown after he was treated [*Id.*]. A subsequent x-ray revealed that Plaintiff's jaw was fractured [*Id.*].

Aggrieved by these incidents, Plaintiff filed the instant suit asking the Court to have Defendants removed from their jobs and to award him monetary damages for Defendants' alleged acts of excessive force [*Id*. at 5].

**B.      Screening Standards**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 681.  Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted.  *Twombly*, 550 U.S. at 570.  However, courts liberally construe pro se pleadings filed in civil rights cases and hold them to "less stringent standards than formal pleadings drafted by lawyers[.]"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### C.    Analysis

Plaintiff alleges that Defendants used excessive force against him in violation of his constitutional rights [Doc. 1 at 3-4].  While Plaintiff does not disclose his custodial status, the Court assumes for screening purposes that he was a pretrial detainee at the time of the incidents alleged in his Complaint.  A pretrial detainee's protection against excessive force is found in the Due Process Clause of the Fourteenth Amendment, which protects the detainee from force that amounts to punishment.  *See Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015).  To demonstrate that a use of force violated the Fourteenth Amendment, a detainee must plead facts indicating that force was purposely or knowingly used against him in an objectively unreasonable manner.  *Id*. at 397.  Here, Plaintiff alleges that he was standing with his hands behind his back when Sergeant Young and Officer Fink fired all their taser cartridges at him, and that he was subdued with handcuffs at the time Officer Fink slammed him onto the floor.  These allegations are sufficient to state a plausible claim of excessive force, and Plaintiff's claim will **PROCEED** against Defendants Young and Fink.

Plaintiff has not, however, alleged any facts linking Officer Johnson to an act of excessive force.  To state a claim against Officer Johnson, Plaintiff must adequately plead that Officer Johnson's own conduct has violated the Constitution.  *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).  This requirement exists because constitutional liability cannot attach to an individual solely based on his or her position of authority.  *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish. . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor").  Plaintiff has not alleged any facts

4

suggesting that Officer Johnson participated in an act of excessive force against Plaintiff, and Officer Johnson will be **DISMISSED**.

Finally, the Court notes that Plaintiff seeks to have Defendants terminated from their jobs [Doc. 1 at 5]. However, the day-to-day decisions of prison operations, including the hiring and firing of officers, are to be made by prison administrators, not the Court. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (quoting *Jones v. N.C. Prisoners' Labor Union, Inc*., 433 U.S. 119, 128 (1977)). Therefore, the Court generally lacks the authority to order disciplinary action or dismissal against Defendants. *See, e.g., Street v. Rodriguez*, No. 12-13995, 2014 WL 840083, at *5 (E.D. Mich. Mar. 4, 2014) (finding the court had no authority to order a state to terminate the employment, or otherwise discipline, a state corrections officer). Accordingly, Plaintiff's request for this relief will be **DENIED**.

## III.    CONCLUSION

For the reasons set forth above:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2.    The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

3.    The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4.    Plaintiff's claim of excessive force against Defendants Young and Fink will **PROCEED**;

5.    The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Young and Fink;

6.    Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this Order;

7.    At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

5

8.      Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action will be dismissed;

9.      Defendants shall answer or otherwise respond to the Complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the Complaint, it may result in entry of judgment by default against that Defendant;

10.    Defendant Officer Johnson is hereby **DISMISSED**;

11.    Plaintiff's request for Defendants to be fired is **DENIED** as a form of relief; and

12.    Plaintiff is **ORDERED** to immediately inform the Court and Defendants their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

6