# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| RYAN LEE RAYFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-CV-80-JRG-CHS |
| | ) | |
| ZACHARY YOUNG and THOMAS FINK, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RYAN RAYFIELD, | ) | |
| | ) | *Lead Case Consolidated with* |
| Plaintiff, | ) | No. 1:24-CV-56 |
| | ) | |
| v. | ) | **JURY DEMANDED** |
| | ) | |
| BRADLEY COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Bradley County, Tennessee (hereinafter referred to as "Defendant" unless otherwise specifically identified), by and through counsel, and files with the Court its Memorandum in Support for its Motion for Summary Judgment as follows:

### STATEMENT OF FACTS

The above-styled case is a claim for injuries and damages following an event that occurred in the Bradley County, Tennessee jail on February 10, 2023. See generally Plaintiff's Complaints, Docs. 1 case number 1:23-CV-80 and 1:24-CV-56. Plaintiff alleges that the individual Defendants, Zachary Young and Thomas Fink, caused him personal injuries and damages from excessive use of force. Id. It is alleged that Defendants Fink and Young each wrongfully

discharged two (2) taser prongs directed at Plaintiff and that Defendant Fink used excessive force in taking Plaintiff to the ground. Id.

The incident giving rise to this case arose out of an incident involving Defendants Fink and Young and Plaintiff while Plaintiff was incarcerated in the Bradley County jail. More particularly, on February 10, 2023, Plaintiff was in C-pod in the Bradley County jail. Plaintiff requested to see a supervisor because Plaintiff believed he had a court date that day. See generally Plaintiff Depo. p. 61 ln. 15 to p. 62 ln. 10. However, at the time Plaintiff made his request, the inmates, to include Plaintiff, were ordered to lockdown.

Defendants Fink and Young ultimately went to the pod where Plaintiff was located. Plaintiff claims, generally, that upon Defendants Fink and Young arriving, he was compliant, but each individual Defendant discharging their tasers twice each, none of which connected. Plaintiff alleges that Defendant Fink approached and forcefully took Plaintiff to the floor without justification causing Plaintiff to fall face first. Plaintiff alleges that when he was taken down, his face hit and he suffered personal injuries as a result. See generally Plaintiff's complaints, Docs. 1 case number 1:23-CV-80 and 1:24-CV-56.

Defendants Fink and Young provide a starkly different version of events. Plaintiff did request to talk to a supervisor. However, he did so when it was time for him, as well as all other inmates in his pod, to lock down. According to Defendants, Plaintiff would not lock down, but rather insisted on talking with a supervisor. Depo. Defendant Fink p. 28 lns. 5-13; Depo. Defendant Young p. 62 lns. 2-23. When Defendants arrived, Plaintiff was instructed to lock down, but did not follow directives, specifically directives from Defendant Young. Defendant Young Depo. p. 62 ln. 24 to p. 63 ln. 13; Defendant Fink Depo. p. 46. As a result of Plaintiff's non-compliance, each individual Defendant discharged his taser on two (2) occasions, but none of the prongs that were discharged connected. Defendant Young Depo. p. 65 ln. 6 p. 66 ln. 8. Plaintiff

remained non-compliant and as a result, Defendant Fink approached and took Plaintiff to the ground to gain control of him. Defendant Fink testified that Plaintiff was not controlled until he was on the ground and the use of force options based on Plaintiff's non-compliance were tasing and hand on. Defendant Fink Depo. p. 37.

Plaintiff filed his original lawsuit as a *pro se* party on April 10, 2023. Plaintiff then obtained counsel and filed a second lawsuit against Defendant Bradley County. The two (2) lawsuits were consolidated. Plaintiff's claims against Bradley County relate to the foregoing incident and Plaintiff seeks damages for Fourth Amendment violations applicable through *Monell* and state law vicarious liability under Tenn. Code Ann. § 8-8-301, *et seq*.

In support of his *Monell* claim, Plaintiff alleges that Defendant Bradley County lacked adequate customs, practices, policies, procedures, supervision, investigation, and training that was the cause of the claimed constitutional violation. However, there is no evidence to support the same sufficient to survive summary judgment. In that respect, and as shown by the evidence and exhibits filed in support of this motion, the corrections officers involved in this matter received proper training to work as corrections officers that was approved by the Tennessee Corrections Institute ("TCI"), were current with their mandatory training requirements, received training on the use of a taser, and received training on the use of force. See Affidavits of Lt. Amber Owens and Sheriff Steve Lawson.

In addition, Defendant Bradley County has promulgated and operates pursuant to written policies and procedures that directly relate to and set criteria as it pertains to correction officer training, use of tasers, and use of force with related matters. See Affidavits of Lt. Amber Owens and Sheriff Steve Lawson. Compliance with the policies and procedures as it pertains to training is a condition of employment with Defendant Bradley County. Id. As such, Defendant Bradley

County has not acted with deliberate indifference to Plaintiff's constitutional rights as it pertains to its Fourth Amendment Claim.

Furthermore, and as it relates to the individual corrections officers involved in this matter, each has provided deposition testimony from Plaintiff's counsel on the issue of training. Defendant Fink was asked several questions regarding his training while employed as a corrections officer for Bradley County. In that respect, Defendant Fink was employed as a corrections officer for Bradley testified that he received training on the use of a taser in an eight (8) hour training session while employed as a corrections officer. See Defendant Fink Depo. p. 14 ln 16 to p. 15 ln 6. He confirmed additional training on the use of a taser. See Defendant Fink Depo. p. 16 ln. 23 to p. 18 ln. 25. Defendant Fink further confirmed training on use of force, including the use of force continuum, and that he was trained to use the least degree of force necessary in any given situation. See Defendant Fink Depo. p. 20 lns. 15-25. In that respect, Defendant Fink was trained that he going "hand on" with an inmate was a last resort. See Defendant Fink Depo. p. 42.

Defendant Young similarly received training in the areas at issue in this litigation. Defendant Young received training on use of force during his time and training at Bradley County. Defendant Young Depo. p. 28 lns. 20-23. The use of force training included training on the continuum of force/force matrix as it relates to degrees of force used in response to the threat encountered. Defendant Young Depo. p. 35 ln. 21 to p. 37 ln. 8 and p. 38 ln. 17 to p. 39 ln. 4. In that respect, Defendant Young testified that the type of force used is dependent on the response from the subject, meaning that each case is independent and fact specific. Defendant Young Depo. p. 41 lns. 7-23. Defendant Young was further trained to use reasonable force, and the minimum of force necessary to achieve correctional objectives. Defendant Young Depo. p. 31 lns. 3-8. Defendant Young was trained on the use of handcuffs, compliance holds, and chemical weapons (Defendant Young Depo. p. 31 lns. 9-14), any and/or all of which may arise in a use of force

scenario. In addition, there was training on the issue of harm that can result from use of force provided to Defendant Young. Defendant Young Depo. p. 32 lns. 16-23. As a corrections officer, Defendant Young received training in the use of a taser, including when a taser can and cannot be used. Defendant Young Depo. p. 18 lns. 4-25 and p. 22 lns. 3-11. Defendant Young further received training on active and passive resistance as it relates to the use of a taser. Defendant Young Depo. p 24 ln. 16 to p. 25 ln. 7.

Furthermore, neither Defendant Fink nor Defendant Young were investigated for claims of excessive use of force prior to February 10, 2023. Defendant Young Depo. p. 43 lns. 6-22 and Defendant Fink Depo. p. 22 ln. 25 to p. 23 ln. 13. In that respect, there was an investigation regarding Defendant Fink that occurred four (4) to five (5) months *after* Plaintiff's date of loss, not before. Defendant Fink Depo. p. 12 lns. 2-13.

Plaintiff has no information regarding the type of training that either Defendant Young or Defendant Fink received as corrections officers in Bradley County. Plaintiff Depo. p. 88 lns. 8-14. Plaintiff likewise has no evidence or information regarding the training that is required to work as a corrections officer in Bradley County. Plaintiff Depo. p. 89 lns. 6-10. Plaintiff has no evidence or information as it relates to whether Defendants Young and Fink had received the training required to work as corrections officers and likewise does not know the minimum training required to work as corrections officers in Bradley County. Plaintiff Depo. p. 89 lns. 11-22. Plaintiff is not claiming that Defendants Young and/or Fink did not have at least the minimum training to work as corrections officers in Bradley County. Plaintiff Depo. p. 90 lns. 15-20.

Regarding Bradley County, Plaintiff has no information or evidence regarding the policies, practices, or customs in Bradley County relating to excessive use of force. Plaintiff Depo. p. 91 ln. 20 to p. 93 ln. 3. Rather, Plaintiff has information only relating to non-specific examples

provided to him by his former attorney, John Wolfe, who has sued Bradley County previously. Plaintiff Depo. p. 93 lns. 7-11.

## STANDARD OF REVIEW

Rule 56 of the *Federal Rules of Civil Procedure* provides that summary judgment will be rendered if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. The moving party bears the initial burden of showing the absence of a genuine issue of material fact as to at least one essential element of each of the plaintiff's claims. *See Morris v. Crete Carrier Corp.*, 105 F. 3d 279, 280-82 (6th Cir. 1997). Once the moving party supports its motion for summary judgment, the opposing party must go beyond the allegations of its pleadings to set forth specific facts which indicate the existence of an issue to be litigated. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). While the Court should view the evidence, including all reasonable inferences, in the light most favorable to the non-movant, the non-movant may not merely rely on its allegations but must submit significant probative evidence to support its claims. See, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587-88 (1986) and *McLean v. Ontario, Ltd.,* 224 F.3d 797, 800 (6th Cir. 2000). If the Court determines that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may proceed to enter a summary judgment. *Univ. of Cincinnati v. Arkwright Mut. Ins. Co.,* 51 F.3d 1277 (6th Cir. 1995).

## ARGUMENT AND CITATION OF AUTHORITY

i. **There is no *Monell* Liability**

Plaintiff has alleged that Defendant Bradley is liable for his claimed injuries and damages because it failed to properly train, and supervise, *inter alia*, corrections officers and that such failures resulted from the policies, practices, and customs of Bradley County. The facts and

evidence in this case, however, do not support such claims and therefore summary judgment is appropriate and must be granted.

The law is well settled that broad, generic, and conclusory allegations that an unlawful policy or custom existed without specifically identifying the policy or stating a pattern of conformance is insufficient to state a claim under section 1983 against a governmental entity defendant. *Hugger v. Bogen,* 503 Fed. App'x 455, 462 (6th Cir. 2012); *Rowland v. City of Memphis,* 2013 LEXIS 68812 (W.D. Tenn. 5/15/13). A plaintiff must clearly and specifically identify the policy, plead that it caused the injury complained of, and plausibly allege that the adequately identified policy was the moving force behind the deprivation of the plaintiff's constitutional rights. *Savoie v. Martin,* 673 F.3d 488 (6th Cir. 2012). Broad, generic, and unspecific allegations of the existence or effect of a policy or custom are "woefully inadequate" to meet a plaintiff's burden of establishing the required policy or custom at trial and likewise insufficient to overcome a motion for summary judgment. *Petty v. County of Franklin,* 478 F.3d 341, 348 (6th Cir. 2007). Defendant Bradley County specifically denies any such policies exist. See Affidavit of Sheriff Steve Lawson.

For Plaintiff to establish that a failure of Bradley County to train or supervise its officers rises to the level of a de facto unconstitutional policy or custom, Plaintiff must prove: (1) the training or supervision provided was inadequate to the tasks performed; (2) the inadequacy was the result of Bledsoe County's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury. *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006). Plaintiffs bear the burden of establishing each of these elements. *Campbell v. Anderson Cnty.*, 695 F.Supp. 2d 764, 772 (E.D. Tenn. 2010).

There is no evidence in this case to support a de facto unconstitutional policy or custom that caused the incident giving rise to this matter. To the contrary, the evidence establishes proper

polices in place regarding training, to specifically include training on the very issues in this case, same being use of force and training. See Affidavits of Sheriff Steve Lawson and Lt. Amber Owens and Defendants' deposition excerpts. Assuming Plaintiffs could show that some aspect of training provided was inadequate, which they cannot, they fail at the next level by failing to show the inadequacy results from deliberate indifference. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Deliberate indifference is a stringent standard of fault requiring proof that a municipal actor disregarded a known or obvious consequence of his action. *Miller v. Calhoun Cnty.,* 408 F.3d 803, 815 (6th Cir. 2005). Deliberate indifference is not established by merely showing that a specific injury **could have been avoided** with more or better training. *Mayo v. Macomb County*, 183 F.3d 554, 558 (6th Cir. 1999) (emphasis added). Deliberate indifference further "does not mean a collection of sloppy, or even reckless, oversights; it means evidence showing an obvious, deliberate indifference" to the alleged violation. *Thomas v. City of Chattanooga,* 398 F.3d 426, 433 (6th Cir. 2005). Neither simple nor even heightened negligence will suffice. *Board of County Comm'rs of Bryan Co. v. Brown*, 520 U.S. 397 (1989).

Contrary to Plaintiffs' claims and contentions, Bradley County had in place policies, practices, and procedures at the time of the incident giving rise to this matter relating to training for corrections officer, use of force, and use of tasers, that clearly evince a lack of deliberate indifference to Plaintiff, as well as other inmates. See Affidavits of Sheriff Steve Lawson and Lt. Amber Owens with exhibits. The polices are extensive and relate to specific instances of use of force, including use of deadly force. *Id.* The policies address issues pertaining to the type of force to be used, continuum of force, and addresses how to use force and the circumstances under which force is and, importantly, is not appropriate. Id. As such, there in fact were written policies in Bradley County that addressed the use of force.

Similarly, Bradley County had in place proper policies regarding training. See Affidavits of Sheriff Steve Lawson and Lt. Amber Owens. More specifically, there are specific policies in place that define and mandate what is required to become and continue to work as a corrections officer r in Bradley County, Tennessee. Id. To therefore say that Bradley County acted without proper policies in place is directly contrary to the documents in existence and in force at all pertinent times for this case.

The undisputed evidence in this case is that to work as a corrections officer in Bradley County, individuals are required to be complete TCI mandatory training and be current with annual in-service training requirements. The annual in-service training is a mandatory forty (40) hours of training each year. In this case, the involved corrections officers, Thomas Fink and Zachary Young, met the training criteria required to work as corrections officers in Bradley County. See Affidavits of Sheriff Steve Lawson and Lt. Amber Owens. The training received included training in the use of force and use of tasers. See Affidavit of Lt. Amber Owens. Defendants Fink and Young went through proper and adequate training in compliance with TCI standards.

In their depositions, and as discussed above, Defendants Fink and Young each were asked about their training for working as corrections officers in Bradley County. Defendants confirmed that they received annual training regarding use of force, use of force continuum/matrix, and use of a taser. Defendants' training and training requirements are more fully discussed in the Facts section of this memorandum.

Because of the required and completed training as evidenced by the exhibits filed with this memorandum, including affidavits and Defendants' testimony under oath, there clearly was no deliberate indifference by Defendant Bradley County as it relates to the issues in this case. The involved corrections officers were qualified to work as such and required to follow the

Bradley County Sheriff's Office policies and comply with training requirements. They in fact did.

Bradley County had no policy in place that resulted in the deprivation of an individual's constitutional rights. To the contrary, Bradley County at all times maintained and had in place policies and procedures regarding the issues in this case pertaining to use of force. See Affidavits of Sheriff Steve Lawson and Lt. Amber Owens. It is counterintuitive to claim that Bradley County was deliberately indifferent to Plaintiff's constitutional rights while simultaneously being confronted with undisputed facts that establish extensive policies pertaining to the issues in this case. It is further counterintuitive to claim deliberately indifferently while simultaneously being confronted with undisputed facts regarding mandatory training for corrections officers in Bradley County.

The undisputed facts of this case are that there were in fact policies regarding the exact facts and circumstances of this case. In addition, the involved corrections officers were properly trained in accordance with TCI standards and required to comply with the policies of Bradley County as it relates to the training. The policies in place establish that Bradley County was not deliberately indifferent to Plaintiff's constitutional rights. As such, Defendant is entitled to summary judgment.

    ii.  ***There is no liability under Tenn. Code Ann. § 8-8-301 et seq.***

In addition to his Fourth Amendment claim, Plaintiff has also sued Defendant for damages pursuant to Tennessee state law, specifically as set forth in Tenn. Code Ann. § 8-8-301, *et seq*. However, the undisputed facts of this case establish that Plaintiff can have no such recovery and that summary judgment is appropriate as it relates to the damages recoverable pursuant to the same.

More particularly, Tenn. Code Ann. § 8-8-303 sets a mandatory limit of recovery for

claims brought pursuant to title 8. In that respect, the recovery for such claims cannot be in excess of the minimum amount required for a surety bond applicable to that county's sheriff pursuant to § 8-8-103. Defendant Bradley County therefore shows that to the extent Plaintiff recovers under his state law cause of action, then his recovery against Defendant Bradley County can be no more than the minimum amount required by statute. Defendant therefore moves the Court for summary judgment as it relates to Defendant Bradley County's maximum exposure pursuant to this stated cause of action and/or declaration regarding the same.

In addition, Defendant Bradley County moves the Court for the entry of summary judgment on the issue of the applicability of Tenn. Code Ann. § 8-8-301, *et seq.* Plaintiff's Complaint simply claims that Defendant Bradley County is liable for the wrongs, injuries, losses, damages, and expenses resulting from the actions of Defendants Young and Fink. Doc. 1, case number 1:24-cv-56, ¶ 7.1, PageID#:9. As stated, Plaintiff does not limit the applicability of the foregoing code section to a specific stated cause of action. Such code section and claimed cause of action, however, is only applicable to non-negligent conduct. See, *Siler v. Scott*, 591 S.W.3d 84 (Tenn. Ct. App. 2019) and *Swanson v. Knox County,* 2007 WL 4117259 (Nov. 20, 2007). Defendant therefore moves the Court for an order granting partial summary judgment on this issue and/or declaration regarding the applicability of the code section to the instant litigation and stated causes of action.

## **CONCLUSION**

The law regarding Plaintiff's claims against Defendant Bradley County for alleged constitutional violations is clear as set forth above. The undisputed evidence in this case establishes that at all pertinent times, Bradley County ***required*** corrections officers to complete training in compliance with TCI standards. Failure to do so precluded and prevented someone from working as a corrections officer in Bradley County. Furthermore, Bradley County

operated pursuant to written policies and procedures relating to corrections officer training. The policies and procedures are clear and unambiguous in this respect regarding mandatory training.

It is also undisputed that Defendants Young and Fink were compliant with the mandatory training required by Bradley County. Each individual Defendant received and completed training on use of force, including use of force matrix/continuum and use of taser. There is no evidence or claim in this case that either Defendant Young or Defendant Fink were not qualified to work as a corrections officer for Bradley County.

Therefore, the evidence in this case establishes that Defendant Bradley County had proper policies and procedures in place for corrections officer training on the issues in this case. Additionally, and/or alternatively, Defendant Bradley County is entitled to summary judgment based on a lack of deliberate indifference.

Deliberate indifference is not established by merely showing that a specific injury could have been avoided with more or better training. Deliberate indifference means evidence showing an obvious, deliberate indifference to the alleged violation and simple or even heightened negligence will suffice.

In this case, the training requirements and obligations on Defendants Fink and Young unequivocally establish that there was no deliberate indifference by Defendant Bradley County as it relates to training on use of force. Therefore, Defendant Bradley County's motion must be granted.

Defendant Bradley County further moves the Court for summary judgment and/or declaratory judgment as it relates to the maximum amount of damages recoverable under Plaintiff's state law claims as set forth above and the claims and causes of action for which such state law claims apply.

**WEHREFORE**, Defendant Bradley County prays that its Motion for Summary Judgment be granted and/or a declaratory judgment be entered on the issues pertaining to Plaintiff's state law cause of action.

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

By: /s/ B. Thomas Hickey, Jr.
B. Thomas Hickey, Jr., BPR#019105
Attorney for Defendants
537 Market Street, Suite 203
Chattanooga, TN 37402
P: (423) 756-0262
F: (423) 756-8489
thickey@spicerfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2025, I electronically filed this document along with any exhibits with the Clerk of the Court using CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

James Bryan Moseley
Moseley & Moseley
237 Castlewood Drive, Suite D
Murfreesboro, TN 37129
bryan.moseley@moseleylawfirm.com

**SPICER RUDSTROM, PLLC**

By: /s/ B. Thomas Hickey, Jr.
B. Thomas Hickey, Jr.